Weygandt, C. J.
In the opinion of the Court of Appeals appears the following statement:
“We have examined all of the claimed errors, and find none prejudicial to the substantial rights of the appellant except the instruction by the trial judge on the subject of punitive damages and the definition of actual malice.
“Counsel for the appellant, Mr. Pickle, took exception to the instruction given, and read into the record that he had requested the trial judge to further instruct the jury that ‘legal malice was, or is, a basis for punitive damages.’ This request, we believe, was broad enough to require the trial judge to further instruct on the question presented in the request.”
When counsel for the plaintiff requested the trial judge “to charge that legal malice was, or is, a basis for punitive damages,” was this a request by mere implication that the court should charge the jury on the additional subject of actual malice? The Court of Appeals answered this question in the affirmative and held that the trial judge was guilty of prejudicial error in not so charging.
With this conclusion of the Court of Appeals this court finds that it can not agree.
Are the terms “legal malice” and “actual malice” synonymous?
Not according to the authorities. In 34 American Jurisprudence, 683, Section 3, it is said, “Legal malice is a presumption of law, and is sometimes called malice in law, in contradistinction to malice in fact * * And in 54 Corpus Juris Secundum, 912, it is explained that “in one sense it is used to indicate malice which exists as a matter of fact, that is, malice in the common acceptation of the word which is ill will against a person * * *. This classification is commonly referred to as malice in fact, actual malice, or express malice. * * *
“In a different sense the word is employed to indicate malice which exists as a matter of law; the legal meaning of the term which indicates a wrongful act done intentionally and without just cause or excuse * * *. For the purpose of distinguishing *443 the legal meaning from the meaning the word has in ordinary acceptation, this classification usually is referred to as malice in law, and frequently by terms which are equivalent or synonymous, such as ‘implied malice’ or ‘legal malice,’ and less frequently by other terms such as ‘imputed malice,’ ‘presumed malice,’ or ‘malice of pleading and proof.’ ” Likewise in 35 Ohio Jurisprudence (2d), 142, Section 22, appears the summary that, “while malice, in common acceptance, means ill will and hatred, yet so far as the law is concerned, malice may be classified as actual or express malice, on the one hand, and ‘legal’ or implied malice, on the other * * *. Actual or express malice has been defined as that state of mind under which a person’s conduct is characterized by hatred or ill will, a spirit of revenge, retaliation, or a determination to vent his feelings upon other persons. Legal or implied malice, on the other hand, is that which the law infers from or imputes to certain acts, and has been defined as that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another.”
Hence, it is clear that a request for simply a charge on legal malice is by no means a request for a charge on actual malice. The plaintiff made no request for a charge on actual malice, an element which this court has held to be essential to the allowance of punitive damages (see Davis v. Tunison, 168 Ohio St., 471, 155 N. E. [2d], 904), and the Court of Appeals was in error in reversing the trial court for not so charging. The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

Judgment reversed.

Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.